JOHN S. BIDDISON, Administrator of LYDIA P. MILLI-
    CHOPP *vs.* LYDIA A. MOSELY, and others.

*When Appeal from an order of the Orphans' Court will not
    be dismissed—Practice—Proof in Plenary Proceedings—
    Bond on Appeal—Removal of an Administrator—Attorney
    in Law and in Fact.*

Under the 16th Rule of the Court of Appeals, where the delay to
    transmit within thirty days, a record on appeal from an order of an
    Orphans' Court is referrible to the Register, the appeal will not be
    dismissed.

Nor will such an appeal be dismissed on the ground that no evidence
    was incorporated in the record, where the proceeding below is on
    petition and answer, being a plenary proceeding.   Sec. 72, of Art.
    71, of the Revised Code, applies only to summary proceedings.
    In plenary proceedings the law directs the proof, if any, to be by
    deposition and recorded, which an appellant can have done; if
    there is no proof, except a petition, answers and exhibits, he can
    have that certified.

Nor will such an appeal be dismissed for want of a bond upon the
    appeal, as a bond is in no case absolutely necessary, for any pur-
    pose, save to stay execution of a judgment or decree, and in cases
    of appeal from Orphans' Courts, there is no provision of law
    making a bond necessary for any purpose.

So far as appeals taken in Orphans' Courts are concerned, it is wholly
    the prerogative of this Court to dismiss them.

Upon the failure of an administrator to pass his accounts in con-
    formity with the requirements of Art. 93, secs. 1, 2 and 3, of the
    Code of 1860, it is competent for the Orphans' Court, upon "the
    application of any one interested," to revoke his letters.

On a petition to the Orphans' Court asking the removal of an
    administrator, filed by S., who stated that he was attorney in law
    as well as in fact of the petitioning claimants, the matter could be
    considered, on the ground that S. appeared as attorney-at-law for
    the claimants, whether he were entitled to ask for the removal

because of his interest as attorney in fact or not. S. had the power to appear as attorney-at-law for the petitioners claiming to be distributees, and practice required no preliminary proof of interest; that proof could be demanded on distribution.

APPEAL from the Orphans' Court of Baltimore County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, ALVEY, IRVING, RITCHIE and MAGRUDER, J.

*R. R. Boarman,* for the appellant.

*F. W. Story* and *E. O. Hinkley,* for the appellees.

IRVING, J., delivered the opinion of the Court.

On the 15th of September, 1880, the appellees filed their petition in the Orphans' Court of Baltimore County, alleging that the appellant on the 7th of December, 1870, had obtained letters of administration from the Orphans' Court of Baltimore County, upon the estate of Lydia P. Millichopp, and had passed no account upon the estate since the year 1872, to the great loss and detriment of the petitioners, who were her next-of-kin and distributees of the estate, and praying for process against the administrator, and that an order may be passed compelling him to pass an account forthwith. Citation issued returnable on the 21st day of September, 1880, and was returned summoned. On the 22nd of September, 1880, there being no answer from the respondent, and no appearance, so far as the record discloses, (and as we may fairly infer,) Frederick W. Story, one of the counsel through whom the first petition was preferred, filed a second petition in his own name, alleging himself to be the attorney in fact, and at law for the several petitioners

mentioned in the first petition, and entitled to do all things in that behalf in their name and stead; setting out the relationship of the parties he represented to the intestate; re-asserting the facts set out in the first petition; and asking that the appellant be removed as administrator of Lydia P. Millichopp, and that Frederick W. Story be appointed administrator *de bonis non* in his stead. Citation issued upon this new petition returnable on the 5th day of October, 1880.

On the 8th day of October, 1880, John S. Biddison, the respondent, filed his answer, alleging certain disbursements and setting up certain excuses for his long delay in the matter. On the same day, the petitioner Story, filed in the Orphans' Court the powers of attorney, under which he was professing to act, and to the filing of the same the respondent objected, in writing, filed at the same time. The case appears to have been laid over until the 12th of October, 1880, when the record states that the parties appeared in Court again by their attorneys, "whereupon all and singular the premises being seen, and heard and fully understood by the Orphans' Court after mature deliberation," passed this order, "upon the petition of Frederick W. Story, it is the opinion of thisk Court that the said John S. Biddison, administrator, hath not acted rightly in this matter—it is, therefore, this 12th of October, 1880, adjudged and decreed, that the letters heretofore granted to the said Biddison, upon the said estate be, and the same are hereby revoked. The Court also says: that the powers of attorney numbered one and two, were read in open Court as part of the petition in the case, and received as such." From this order, Biddison, the administrator, appealed. Having failed to file any bond for more than thirty days after appeal prayed, the appellant tendered a bond, but the Orphans' Court, instead of accepting the same, dismissed the appeal for the want of bond and approval within the thirty days

allowed for appeal. From this order also, appellant took an appeal and gave bond, upon which being done, the record was transmitted to this Court.

The first question for decision, is the motion of the appellees to dismiss the appeal, because the same was not transmitted within the thirty days; because there was no evidence in the record, and thirdly, because no appeal bond was filed.

The delay in transmitting the record, is referrible wholly to the omission of the Register. The reasons assigned in his affidavit, which is submitted to us by agreement of counsel, puts the whole fault on himself, and impute no *laches* whatever to the appellant. Under the 16th rule of this Court, therefore, this objection is untenable. The second ground for asking a dismissal is, that there is no evidence incorporated in the record; and that under sec. 72, Art. 71, of Revised Code, no appeal is allowable in such case. That section applies only to summary proceedings. This case cannot be regarded as covered by that section, for the proceeding is by petition and answer, which makes it a plenary proceeding. *Cannon, Adm'x vs. Crook and Wife,* 32 *Md.,* 484. In the case just cited, the Court draws the distinction between summary and plenary proceedings, and says: " the test of a plenary proceeding is, whether a petition or bill is filed, and the parties against whom it is filed, appear and answer." It is clear, therefore, this ground does not support the motion to dismiss.

In respect to the last ground alleged in support of the motion to dismiss, viz., the want of a bond upon the appeal, it is only necessary to say, that a bond is in no case absolutely necessary for any purpose, save to stay execution of the decree or judgment.

And in cases of appeal from the Orphans' Court, there is no provision of law making a bond necessary for any purpose. If such practice has obtained anywhere, it has

never received the sanction of this Court to give it the force of law. In the case of *Knighton,* 23 *Md.,* 323, cited by appellees' counsel, it is only mentioned by the Court as a fact, that in that case there was a bond, but its necessity or propriety is not recognized by the Court. The motion to dismiss must be overruled. We are relieved of the necessity of commenting upon the order of the Orphans' Court dismissing the first appeal for want of bond within thirty days. It is admitted, that order was a nullity, because the Orphans' Court had no right to adjudicate that question and dismiss the appeal. So far as appeals taken in the Orphans' Court are concerned, it is wholly the prerogative of this Court to dismiss them.

It only remains to determine, 1st, whether the Court erred in receiving and considering the powers of attorney filed by Frederick W. Story ; and 2nd, whether the Court erred in revoking the letters of the appellant. We will reverse the order of these propositions. Upon the failure of the administrator to pass his accounts in conformity with the requirements of secs. one, two and three of Art. 93 of the Code of Public General Laws, it was competent for the Orphans' Court upon "the application of *any one interested*" to revoke his letters. The third section of Article 93 expressly so provides. The appellant was in default, and had been for many years. He had not responded to the petition of the appellees, and the second petition was filed in the name of Frederick W. Story, who states himself to be the attorney *in law* as well as in fact of the petitioning claimants ; and that petition asks for the removal of the appellant. As attorney for the claimants he was entitled to ask for the revocation of appellant's letters, whether he was entitled to ask for it because of his interest as attorney in fact or not ; and it would be a most unwarrantable application of technical rules of pleading in the Orphans' Court to hold that this application was not sufficiently made. So far as this record dis-

closes, the Orphans' Court was in the discharge of a duty within their competent authority. It was within their jurisdiction to determine whether the administrator had passed all the accounts necessary to be passed for the final settlement of the estate, preparatory to distribution. If as was stated in his answer the administrator had paid all the debts and charges on the estate and had finally closed the estate preparatory to distribution, and nothing remained to be done but to distribute the balance, there might be some ground for contending that distribution, which is an act of the administrator entirely, (except when the Orphans' Court is specially asked to make the distribution for his protection) is not such account as is contemplated by sec. 3 of Art. 93, under which the Orphans' Court proceeded. It is not necessary for us to decide, however, whether it is or not such an account. It was clearly his duty when he had passed a final account to make distribution. *Code, Art.* 93, *sec.* 112. If he could not for want of information, he could have appointed a day with approval of Court, and cast the responsibility on the Court. *Sec.* 143, *Art.* 93. He did neither; and the reasons assigned in the answer are unsatisfactory for his delay. It does not appear, however, that the Court acted wholly on that ground. They may have found another account necessary, from an inspection of the records and from proofs before them, before distribution could be made. The proof is not before us. In plenary proceedings the law directs the proof to be by deposition and recorded. If there was proof, it was competent for the appellant to have secured its embodiment in the record. If there was not any, except the petition, answers and exhibits, he could have had that certified. The Orphans' Court being in the discharge of a legitimate power, and considering a matter entirely within their jurisdiction, all intendments will be made to support their action. In the absence of the proof on which they acted we must assume

that the evidence before them warranted their action. *Jones, Adm'x vs. Jones,* 41 *Md.,* 360.

Taking the view we do of the case, it is not necessary to decide whether the Orphans' Court did right in receiving and considering the powers of attorney filed by the petitioner Story. He had the right to appear for the parties as an attorney at law, and for the purpose of the application made, the practice required no preliminary proof of interest in the parties. They were, by attorney, claiming to be distributees, and complaining of conduct of the administrator as dilatory and prejudicial to the next-of-kin, of which the record gave *prima facie* evidence. If the question was one purely of distribution, and was before the Orphans' Court for their adjudication, strict proof of their right to receive as next-of-kin would have been demandable and the *onus* would have been on the claimants. But such was not the case. The question was whether the administrator was in such default with respect to the passage of administration accounts as entitled persons in interest to complain, and invoke the interference of the Court. For such an inquiry the Court was justified by the uniform practice in regarding the action of an attorney representing himself as acting on the behalf of *bona fide* claimants, without his first establishing their claim to be regarded as next-of-kin. It would be exceedingly inconvenient in practice if such a rule prevailed. In such case the practice has always been to regard the claimant as *bona fide* entitled until such time as proof was actually needed to establish finally his right.

For these reasons the order of the Orphans' Court will be affirmed, and the cause remanded.

*Affirmed and remanded.*

(Decided 30th June, 1881.)