## GREGORY J. MILLER, Administrator of Lillian E. Miller.

### *vs.*

## HENRY MENCKEN, Administrator of Lillian E. Miller.

*Orphans' Courts: appeals; preparation of record and transmission; costs; duty of Register of Wills; delay; burden of proof.*

In questions of delay in the transmission of a record to the Court of Appeals, there is no presumption that it was owing to the neglect, omission or inability of the clerk or appellee; the *onus* of proof is on the appellant to show that the neglect, etc., was theirs, or of one of them; and in the absence of such proof the presumption is that the delay was through the default of the appellant, and he must satisfy the Court that, not even by proper diligence could the record have been prepared and transmitted in time.                              p. 675

The fact that the appellant was sick at the time, and could not, or failed to, pay the costs, is not sufficient to excuse delay in transmitting the record.                              p. 676

Where the appellant has not discharged the burden imposed upon him, the appellee is not bound to present any proof. p. 677

A Register of Wills is not bound to notify the appellant when the record will be ready, nor is he bound to demand the costs.                              p. 676

The duty of the appellant is not ended, with respect to the transmission of the record, when he gives directions to enter an appeal and transmit the record. It is his duty to ascertain when the record is ready and to pay for it in time for its transmission within the time prescribed.                              p. 677

A Register of Wills is under no obligation to transmit a record until he is paid for it; but he may not withhold making up the transcript of the record until the costs for it are paid.

p. 677

The Registers of Wills are the Clerks of the Orphans' Courts, and as regards making up and transmitting the records they are subject to the same statute as that to which the Clerks of the courts are subject.                                    p. 677

*Decided January 13th, 1915.*

Appeal from the Orphans' Court for Baltimore County.

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Edward Rees* (with whom was *Thos. C. Weeks* on the brief), for the appellant.

*John E. Dempster,* for the appellee.

Constable, J., delivered the opinion of the Court.

The appellee has filed a motion for the dismissal of this appeal on the ground that the record was not transmitted to this Court within the time prescribed by statute, and rule of this Court. This is an appeal from an order of the Orphans' Court for Baltimore County. Rule 13 of this Court and section 62 of Article 5 of the Code provide that all appeals from orders of the Orphans' Court to this Court shall be taken and entered within thirty days from the date of such order appealed from, "and the register of wills shall make out and transmit to the Court of Appeals, under his hand and the seal of his office, a transcript of the record of proceedings in such case, within thirty days after the appeal prayed." The order appealed from was passed on the 7th day of July, 1914, the order for an appeal was filed on the 7th day of July, 1914, the order for an appeal was filed the same day and the record was transmitted to this Court on the 28th day of August, 1914; twenty-two days beyond the time allowed under the rule and statute.

Rule 16 and section 40 of Article 5 of the Code, provide that: "No appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals that such a delay was occasioned by the neglect, omission or inability of the clerk or appellee; but such neglect, omission or inability shall not be presumed, but must be shown by the appellant." This section has many times been under consideration by this Court, and it has been consistently held, and thus firmly established as the law, that when it appears that more than the prescribed time, from the date of the appeal and the transmission of the record, had elapsed, *prima facie* evidence has been furnished requiring the Court, under its rules, to dismiss the appeal; and, if the appellant would save his appeal, he must rebut and overcome this *prima facie* evidence. As the rule states, no presumption arises that it was the neglect, omission or inability of the clerk or appellee, but the *onus* is on the appellant of showing the neglect, omission or inability was theirs or of one of them, and in the absence of proof that they, or either of them, were in default the presumption is that the delay was through the default of the appellant, and he must satisfy the Court that by proper diligence the record could not have been prepared and transmitted in time. *Ewell* v. *Taylor,* 45 Md. 573; *Willis* v. *Jones,* 57 Md. 366; *Mason* v. *Gauer,* 62 Md. 263; *Parsons* v. *Padgelt,* 65 Md. 356; *Steiner* v. *Harding,* 88 Md. 343; *Estep* v. *Tuck,* 109 Md. 528; *Warburton* v. *Robinson,* 113 Md. 24; *Horpel* v. *Hawkins,* 115 Md. 156; *Wilmer* v. *Baltimore,* 116 Md. 338.

The appellant, in an endeavor to meet the burden placed upon him, filed several affidavits. An affidavit by his counsel was to the effect that, on the day the appeal was prayed, he personally sorted the papers, which he desired to go in the record, and gave them to the deputy register, the register not having been present during the proceedings; that on July 8th, 1914, he received a letter signed by the register and dated July 7th, reading as follows: "Dear Sir: The issues are ready

to go up in *re est.* of Lillian Miller. Kindly let us have costs." That he wrote his client twice for the costs, and not receiving a reply went to his home, about August 27th, and there learned he had been ill from the early part of the month, but was convalescent on the day of his visit; that he procured the money from the brother of the appellant, and paid the costs on August 28th. Another affidavit is by the attending physician deposing, that he attended the appellant from the first week in August for gastritis; and gave instructions to keep the appellant as quiet as possible. Another by the mother of the appellant to the same effect as to his illness, and that the first letter from the attorney was received by her, but she did not give it to her son, since she did not think it of sufficient importance; but on receipt of the second letter, she had her son give the money to the attorney. And the appellant himself deposed that during his illness, he received the first letter, but put it aside, thinking he would be out within a day or two to attend to it; that he forgot it until the second letter arrived, and then he requested his mother to have his brother attend to it. There was attached to the record a statement of the register that "the delay in transmitting the transcript was due to the failure of the appellant in paying the costs." Under the authority of *Northern Central Railway Co.* v. *Rutledge*, 48 Md. 262, this cannot be considered as evidence.

The appellee, relying upon the *prima facie* case made by the failure to transmit within the statutory time, offered no proof; and in this we think he was correct, for, in our opinion, the appellant has not discharged the burden upon him. It is true the register did not notify him or his attorney until August 7th, one day after the time had expired for transmitting the record, that the record was ready to go up and demanded his costs; but it was not the duty of the register to notify him at all, either that the record was ready or to demand his costs. It was the duty of the appellant to ascertain when the record was made out and pay for it in time for its transmission within the time. The duty

of the appellant is not ended, with respect to the transmission of the record, when he gives directions to enter an appeal and transmit the record, and the register is under no obligation to send it until he has been paid for it. *Parsons* v. *Padgett, supra; Steiner* v. *Harding, supra.* But the appellant contends the letter from the register shows that the transcript was not finished until after the time had expired, and, therefore, under the authorities, costs were not demandable. It is true that the register cannot withhold making up the transcript until the costs for it are paid. *Waller* v. *Second National Bank,* 56 Md. 139; but we are not able to agree that the letter shows it was not made up in time. The letter shows that at that time it was ready but not that it was just ready or had not been ready within the statutory period. The appellant must show affirmatively the neglect of the register, and that he has not attempted.

There was the contention made that the words of the statute were mandatory upon the register in respect to transmitting the transcript, and, therefore, he could not demand his costs before transmitting. The words are exactly as those used in the section in regard to clerks of courts of law and equity performing the same duty, and the statute for registers, who are in effect clerks of the Orphans' Courts, are subject to the same statute as that to which the statute for clerks is subject, section 41 of Article 5. This statute clearly applies to registers as well as clerks.

The fact that the appellant was suffering from an illness a part of the time allowed for transmitting the record, can make no difference in the disposal of this question. Counsel had it in charge for him, and does not seem to have done anything about the case after the day of giving the order for the appeal.

Being of the opinion that the appellant has not overcome the presumption against him, we have no discretion but to dismiss the appeal.

*Appeal dismissed, with costs to the appellee.*