# HENRY CASTELBERG ET AL.

## *vs.*

## OSCAR HAMBURGER.

*Appeals: transmission of record; rule as to time, section 6, Article 5; appellant, no time to verify transcript; work on "questionnaires" no excuse; presumption in favor of clerk; transcript; correction of errors after transmission.*

The fact that the counsel for the appellant has no time to verify the transcript is no excuse for failing to transmit the record in time; a transcript once certified by the Clerk of the Court is presumed to be correct; and after its transmission to the Court of Appeals, if errors are discovered, means may be then provided for their correction.          p. 46

In this case, the excuse of the appellant's counsel, that he was engaged in the public patriotic work of giving aid in answering the questionnaires for registrants under the selective draft, was held not to be sufficient.          p. 47

The rule (Article 5, section 6 of the Code), requiring transcripts of records to be transmitted to the Court of Appeals within three months from the time of taking an appeal, has the controlling force of a statute, and is binding upon the court as well as upon the parties, so long as it remains unrepealed.

p. 45

If a record is not transmitted until after the expiration of the period limited by the rule, it is obligatory upon the Court to dismiss the appeal, unless the appellant proves that the delay was occasioned by the negligence, omission or inability of the clerk or appellee.          p. 45

Presumption that the clerk or appellee was delinquent is forbidden by the rule, and the burden of establishing the same by proof rests upon the appellant.                           p. 45

*Decided June 19th, 1918.*

Appeal from the Superior Court of Baltimore City. (STAN-TON, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BRISCOE, PATTISON, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*B. H. Hartogensis* and *Howard Bryant,* for the appellants.

*S. S. Field* and *R. Contee Rose,* for the appellee.

URNER, J., delivered the opinion of the Court.

If this appeal could be entertained, the judgment would be affirmed, as the rulings of the trial Court are free of error, but it is our plain duty to grant the motion of the appellee to dismiss the appeal on the ground that the record was not transmitted to this Court within the time prescribed by law.

The appeal was entered on October 10th, 1917, and the period of three months allowed for the transmission of the record to this Court expired on January 10th, 1918. It was not until January 12th, 1918, that the record was in fact transmitted. The transcript of the record was completed and certified by the Clerk of the Court below on December 31st, 1917. It was thereafter held subject to the order of Mr. Hartogensis, one of the appellants' counsel, who wished to examine it further, and he had possession of it for that purpose during the greater part of the ensuing time until it was forwarded to the Clerk of this Court. On January 8th, Mr. Hartogensis wrote to CHIEF JUDGE BOYD inquiring the period for the transmission of the record could be extended, as he had not been able to find time to examine it because of the

pressure of his duties as a member of the Legal Advisory
Board in the work then in progress of aiding registrants to
answer their questionnaires under the Federal selective serv-
ice system. In the course of this immediate reply to this
inquiry CHIEF JUDGE BOYD said: "I would be glad to do
anything within my power to avoid interference in any way
with the kind of work you are engaged in for the Govern-
ment, and I know that all of the Judges feel the same way,
but I am not authorized to extend the time for sending up
the record, even if the Court could do so, which I question."
In his affidavit filed in opposition to the motion to dismiss
the appeal Mr. Hartogensis stated that after the signing of
the bills of exception in the case, which was done on Decem-
ber 4th, some delay, for which he was not responsible, oc-
curred in procuring certain documentary evidence to be in-
cluded in the record, and that after the transcript was com-
pleted he addressed himself to its verification and was able
to point out several small clerical errors, which were cor-
rected, but that he found it would be necessary to search for
other errors and to compare the copies of exhibits with the
record as transcribed, and not having then sufficient time for
such further examination, in view of the patriotic service he
was performing, and being under the erroneous impression
that the period for the transmission of the record would not
expire until January 12th, he wrote to CHIEF JUDGE BOYD,
and also to Mr. Magruder, Clerk of this Court, in an effort
to secure an extension of the time. Upon learning that this
could not be accomplished, the affidavit states, Mr. Harto-
gensis on the afternoon of January 11th communicated with
his colleague, Mr. Bryant, who had been unable to give his
personal attention to the appeal at that juncture because of
the legislative duties in which he was then actively engaged.
The following morning Mr. Bryant delivered to the Clerk a
check drawn by Mr. Hartogensis for the payment of the cost
of the transcript, which was then at once mailed to the Clerk
of this Court who received it on the afternoon of that day.

The affidavit of Mr. Thomas A. Campbell, the deputy clerk of the lower Court who prepared the record for this appeal, is to the effect in part that after the transcript was completed on December 31st it was held subject to the order of Mr. Hartogensis, or was in his possession, until January 12th, and upon its return on that day, and the payment of the cost of its preparation, it was immediately mailed to the Clerk of the Court of Appeals.

It has been repeatedly emphasized that the rule (Code, Art. 5, sec. 6) requiring transcripts of records on appeal to this Court to be transmitted within three months from the time of the taking of the appeal, has the controlling force of a statute and is binding upon the Court as well as upon the parties so long as it remains unrevoked. When the record as in this case has been in fact transmitted after the expiration of the period limited by the rule, it is obligatory upon the Court to dismiss the appeal unless the appellant proves that the delay was occasioned by "the neglect, omission or inability of the clerk or appellee." Code, Art. 5, sec. 40. *Steiner* v. *Harding,* 88 Md. 345; *Horsey* v. *Woodward,* 124 Md. 361; *M. D. & V. Ry. Co.* v. *Hammond,* 110 Md. 124; *Estep* v. *Tuck,* 109 Md. 528; *Parsons* v. *Padgett,* 65 Md. 356; *Willis* v. *Jones,* 57 Md. 362; *Warburton* v. *Robinson,* 113 Md. 24; *Horseman* v. *Furbush,* 124 Md. 581. The rule expressly forbids any presumption that the clerk or appellee was delinquent in regard to the transmission of the record in due time, and places upon the appellant the burden of thus shifting the responsibility for the delay. In this case it is plainly apparent from the evidence on both sides that neither the clerk nor the appellee can be held accountable for the fact that the record reached this Court after the time allowed by the rule. The clerk had the transcript ready to be forwarded ten days before the expiration of the three months period, and it is not suggested that there was any subsequent act or omission on the part of the appellee that resulted in the further detention of the record. It was wholly because of the desire of Mr. Hartogensis to inspect the transcript after its

completion, and because of his misapprehension as to the time yet available for its transmission, that the delay beyond the period limited by the rule occurred. Neither of these causes of delay is recognized by the rule as a proper ground of exemption from the effect of its plain and imperative terms. There was no necessity for counsel to detain the transcript after its completion and certification in order that it might be examined for possible errors. When the clerk had certified that it was a true record, its verity might have been safely assumed, and if any errors had been discovered after the case reached this Court, there were means to be provided here for their correction. The mistake of counsel as to the time remaining for the transmission of the record is of course not a sufficient reason for suspending the operation of the rule in this instance.

Great stress was laid in argument upon the fact that the counsel in charge of the appeal was closely engaged in the performance of an important patriotic duty which prevented the attention he desired to give to the inspection of the record during the time available under the rule, and we are urged on this ground to disregard the slight extent to which the specified period has been exceeded. With the strongest disposition to deal sympathetically with such a plea, we have been altogether unable to find that the failure to transmit the record in time can properly be attributed to the patriotic service which the counsel had undertaken and was zealously performing. After the record was completed on December 31st he had no affirmative duty in reference to its transmission with which the questionnaire work, in which he was engaged, can be said to have interfered. It was simply necessary for him to withdraw his request that the record be held for his inspection, and to direct that it be transmitted, and, if required, to pay the cost of its preparation. This was done on January 12th, while the questionnaire work was still in progress, and there is nothing to suggest that the same course could not have been as readily adopted ten days previously when the record was finished and certified. The time em-

ployed in the effort to obtain an extension of the period for
the transmission of the record would have been more than
sufficient to secure the forwarding of the transcript.   It was
the assumption of the unnecessary task of verifying the cer-
tified record, and not the pressure of the patriotic duty, that
appears to have caused the delay with which we are now con-
cerned.

It may be said in this case, as we observed in *Horseman*
v. *Furbush, supra,* where the record was only one day late
in reaching this Court: "While we are naturally reluctant
to enforce the rule when the time it allows for the transmis-
sion has been exceeded by such a narrow margin as on this
appeal, we could not rightfully modify its express and defi-
nite terms, or make its application depend upon a mere meas-
urement of the extent to which it has been transgressed, in
order to avoid the prescribed consequences of the delay in a
particular case."

                              *Appeal Dismissed.*