WILLIAM D'ARCY BRINSFIELD et al., Executors, *v.* FLÓRENCE VINCENT MATHER.

[No. 26, January Term, 1934.]

474

*Decided March 2nd, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*·V. Calvin Trice,* with whom was *LeRoy L. Wallace* on the brief, for the appellants.

*Thomas W. Simmons,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The will of Zoro H. Brinsfield was admitted to probate July 1st, 1932, in the Orphans' Court of Dorchester County. Under it William D'Arcy Brinsfield, his son, and Viola Brinsfield, his adopted daughter, were appointed executors, and excused from giving bond, and by it the testator undertook to dispose of an estate valued at approximately $160,-000. The principal beneficiaries under the will were William D'Arcy Brinsfield, to whom he bequeathed $75,000, Viola Brinsfield, to whom he bequeathed $40,000, the Eastern Shore Trust Company, to which he bequeathed $20,000 in trust for the use of his brother William Winfield Brinsfield for his life, and for the use of the wife of William Winfield Brinsfield should she survive him, and at the death of both for the grandchildren of the brother then living, and $5,000 for the use of William Winfield Brinsfield for his life and

then over to certain remaindermen, and Florence Vincent, his niece, to whom he bequeathed $5,000. There were other legacies aggregating in amount $2,000.

The penalty of the testamentary bond was fixed at $5,000, and in due course William D'Arcy Brinsfield and Viola Brinsfield filed an approved bond in that amount, qualified as executors, and proceeded with the administration of the estate.

Under the will, there were to be allowed no commissions, but on October 18th, 1932, the executors filed a petition setting out in some detail the services which they had rendered in the course of their administration, and alleging that, as a result of great changes in economic and financial conditions which had occurred since the date of the will, the administration of the estate was attended by burdens and difficulties which required of them "time, effort and expense" not foreseen by the testator, and that, as their services benefited the whole estate, they should be compensated for such unforeseen time, effort and expense. Upon that petition an order was passed allowing the executors a sum not to exceed $3,000 for "traveling, contingent and incidental expense" in connection with, and occasioned by, the performance of their duties. Later, upon the petition of Florence Vincent Mather, born Vincent, that order was rescinded.

On June 1st, 1932, Mrs. Mather filed another petition alleging that William D'Arcy Brinsfield was absent from the state from November, 1932, to May 19th, 1933, residing in the "distant state of Florida," and that Miss Brinsfield was absent from Dorchester County for about the same length of time, and that, because of their absence "and other acts and omissions," which are not otherwise described, the assets of the estate were "in danger of being lost, wasted, or misappropriated," and that the bond of $5,000 was inadequate. The bond was accordingly increased to $30,000.

On or prior to August 15th, 1933, having theretofore filed a first administration account, the executors filed a full detailed "Report and Analysis" of the estate which was also

in effect an account. On the same day they filed a petition praying leave to distribute in cash or in kind fifty per cent. of the estate, and to distribute to Mrs. Mather fifty per cent. of her legacy in cash, less the taxes thereon. On the same day Mrs. Mather filed another petition in the estate in which she prayed that the executors be required to file a second administration account, and on the same day the same court which had already, according to the docket entries, approved and accepted the "Report and Analysis," and authorized a fifty per cent. distribution of the estate, ordered a second administration account.

In the several petitions filed by Mrs. Mather she was represented by Thomas W. Simmons, Esq., a member of the bar of Dorchester County, and on September 13th, 1933, Simmons filed a petition asking to be allowed out of the funds of the estate a counsel fee, and upon that petition, on September 15th, 1933, an order was passed "as of September 13th, 1933," allowing him $800. From that order, on October 11th, 1933, this appeal was taken, and on November 18th, 1933, the record was filed in this court, and in this court appellee has moved to dismiss the appeal on the ground that the record was not transmitted within thirty days from the appeal.

In support of the motion, appellee filed the affidavits of the register of wills and two deputies in his office, which were to the effect that, notwithstanding repeated urging by the register of wills and his deputies, counsel for appellants did not finally inform them of what papers he wanted included in the transcript until November 16th, 1933, and that, after receiving that information, notwithstanding that the "office force" of the register exercised all reasonable diligence, they were unable to complete and transmit the transcript until November 17th, 1933.

Those three affidavits are flatly contradicted by an affidavit of LeRoy L. Wallace, Esq., attorney for the appellants, in which he states that on September 6th, 1933, he submitted to the register of wills a complete list of the papers he wanted

included in the record, and that on November 7th, 1933, he left with the register of wills exact copies of those papers, which copies the register agreed to use, that he had no knowledge that any other papers were to be included in the record, but thought that it had been transmitted within the time prescribed by the statute, that he had never been shown the completed transcript, but that an examination of it disclosed that it contained papers not ordered by him, and that it also contained the office copies furnished by him to the register.

Code, art. 5, sec. 66, and Rule 15, Court of Appeals of Maryland, provide that, in appeals from orphans' courts, a transcript of the record of the proceedings shall be made up and transmitted to this court under the hand and seal of the register of wills within thirty days after the appeal prayed. That requirement is imperative, and may not be waived (*Powell v. Curlis,* 78 Md. 500, 28 A. 390; *Marx, Excr., v. Reinecke,* 142 Md. 344, 120 A. 876), but, since the purpose of the rule is to avoid delay in the prosecution of appeals, and not to unjustly burden or restrict the right of appeal, an appeal will not be dismissed because the record was not transmitted within the time limited by the statute, where it affirmatively appears that the delay was due to the fault of the clerk or the register (*Balto. & O. R. Co. v. State, use of Allison,* 62 Md. 479; *Lewin v. Simpson,* 38 Md. 468; *O'Hern v. Browning,* 33 Md. 471; *Andrews v. Poe,* 30 Md. 485; *Hooper v. Baltimore & Yorktown Turnpike Road,* 34 Md. 521; *Bowie v. Neale,* 41 Md. 124; *Biddison v. Mosely,* 57 Md. 89; *Hardt v. Birely,* 72 Md. 134, 19 A. 606; *Bixler v. Sellman,* 77 Md. 494, 27 A. 137; *Baldwin v. Mitchell,* 86 Md. 379, 38 A. 775; *Brown v. Ravenscraft,* 88 Md. 216, 44 A. 170; *Horpel v. Hawkins,* 115 Md. 160, 80 A. 842; *Koenig v. Ward,* 104 Md. 564, 65 A. 345; *Whittington v. Crisfield,* 121 Md. 395, 88 A. 232), or the appellee (*Sample v. Motter,* 5 Md. 368; *Marx, Excr., v. Reinecke, supra; State v. Balto. & O. R. Co.,* 117 Md. 289, 83 A. 166), or of both appellee and appellant (*McGonigal v. Plummer,* 30 Md. 422;

*Lockerman v. Eastern Shore Trust* Co., 146 Md. 343, 126 A. 140; *Forest Lake Cem. Co. v. Baker,* 113 Md. 532, 77 A. 853), or of the court (*Hall v. Albertie,* 140 Md. 675, 118 A. 189), nor indeed in any case where it is shown that the delay was not the fault of the appellant nor his counsel. Cases *supra; Bliss v. Bliss et al., Committee,* 133 Md. 68, 104 A. 467. But where the record is transmitted after the time limited for its transmission by the statute, the burden is upon the appellant to show that the delay was not due to any fault or omission on his part. *Maryland, Del. & Va. Ry. Co. v. Hammond,* 110 Md. 124, 72 A. 650; *Warburton, Trustee, v. Robinson,* 113 Md. 24, 25, 77 A. 127; *Wilmer v. Baltimore,* 116 Md. 338, 341, 81 A. 685; *Horsey v. Woodward,* 124 Md. 361, 363, 93 A. 9; *Horseman v. Furbush,* 124 Md. 581, 582, 93 A. 149; *Miller, Admr., v. Mencken, Admr.,* 124 Md. 673, 675, 93 A. 219; *Castleberg v. Hamburger,* 133 Md. 42, 45, 104 A. 473; *Owens v. Moss,* 137 Md. 693, 114 A. 926; *Wanner v. Hornbeck & Hinton,* 137 Md. 694, 114 A. 926. That burden is not met where the clerk and appellant file conflicting affidavits as to the cause of the delay (*Warburton v. Robinson,* 113 Md. 27, 77 A. 127), nor by showing that appellant was not notified when the record was ready (*Miller v. Mencken,* 124 Md. 676, 93 A. 219), nor that he was ill (*Id.*), nor that he had no time to verify the transcript (*Castleberg v. Hamburger,* 133 Md. 46, 104 A. 473), nor that his counsel was engaged in a public patriotic service. *Id.*

Where appellant fails to meet the burden, the presumption of fault on his part prevails, and the appeal will be dismissed. Nor in such a case is the length of the delay material. *Wilmer v. Haines,* 148 Md. 387, 129 A. 347.

Turning to the facts, it is apparent from the record that the transcript was not completed and therefore not transmitted prior to November 16th, 1933, when it was certified by the register of wills. The appeal was ordered on October 11th, 1933, so that it is also apparent that the record was not transmitted within thirty days "after the appeal prayed",

as the statute requires (Code, art. 5, sec. 66), and the burden was upon appellants to show that the delay was not their fault nor the fault of their counsel. Their contention was that they had done everything which they were required to do to have the record transmitted in time, while the contention of the appellee was that the delay was due to the procrastination and neglect of appellants or their counsel. It was in connection with that issue that the affidavits to which reference has been made were filed.

If we were dealing with the affidavits alone, the question would present no difficulty, because, to say the least that may be said, we could not hold the unsupported affidavit of appellants' counsel was sufficient to overcome the three several affidavits of the register of wills and his two deputies, and it would follow almost as of course that appellants had failed to meet the burden imposed upon them of showing that they were not responsible for the delay, and the appeal would be dismissed.

The substance of the affidavits filed by the appellee was that no list or designation of the papers to be included in the transcript was furnished the register of wills by appellants until the afternoon of November 10th, and that thereafter, from time to time until November 16th, the attorney for the appellants revised that list and added other papers, and that it was not until the last-mentioned date that he finally decided upon what papers he wanted included in the transcript.

It was undoubtedly the duty of counsel to inform the register of wills of what papers or proceedings he wanted included in the transcript (Rule 15, Rules of the Court of Appeals), since manifestly it was not the intention of the rule that the responsibility of making the selection required by it should be that of the register of wills.

Wallace, the attorney for appellants, in his affidavit, says that he discharged that duty by furnishing, on November 6th, not only a list of the papers to be included in the transcript, but office copies of them, and that those copies were in-

cluded in the transcript, that after that date he made no changes in the list, and assumed that the record had been transmitted in time. He further says that papers not designated by him, but which take up about thirty pages of the eighty-five page record, were added without his knowledge or consent. In the affidavits filed for the appellee, no reference is made to those additions, and as to them the affidavit of Mr. Wallace is not contradicted, nor is it denied that he furnished office copies of the papers, which he told the register to include in the transcript, and it further appears from the transcript itself that on November 16th Thomas W. Simmons, who is either the appellee or attorney for the appellee, filed a memorandum to be attached to the transcript, designating portions of the transcript which he considered "unnecessary to be included in the printed record."

Upon these facts, there is a very real doubt as to whether the delay was due to the fault of the appellants or of the appellee. Assuming that Wallace on November 10th, 1933, for the first time instructed the register as to the record, it appears from his affidavit that he furnished at that time transcripts which the register agreed to use, and which, with a copy of the docket entries, would have completed the record, and that after that other papers were added either at the direction of the appellee or by the register on his own motion, but without the knowledge of appellants, the last of which was filed on November 16th, 1933. The affidavits filed on behalf of the appellee, however, are to the effect that Wallace changed the directions he had given on November 10th, and that it was not until Novmber 16th that he gave the register final and complete instructions. And, since the burden imposed upon the appellants to show that the delay was not their fault was positive and imperative, it was not sufficiently discharged by merely raising a doubt. A preponderance of the evidence shows that appellants failed to give to the register the requisite instructions for the preparation of the record until the time within which it might properly have been transmitted to this court had expired.

Under those circumstances, the failure of the register to transmit the record within that time cannot be characterized as fault or negligence, and it does not affirmatively appear that the delay was caused by appellee or by Simmons. Simmons did file an objection to the record on November 16th, but it does not appear from that that the record was completed before that time, or that it was delayed by or for Simmons. The appeal must therefore be dismissed.

*Appeal dismissed, with costs.*