JOHN PARSONS *vs.* WILLIAM A. PADGETT & Co., and others.

*Rule relating to Appeals—Right of Clerk—Duty of Appellant—Dismissal of Appeal.*

The neglect, omission or inability of the clerk of the lower Court to transmit the record of a case to the Court of Appeals, within the time prescribed by the rule, will not be presumed, it must be shown by the appellant.

The clerk has the right to retain the transcript until the costs of making it out are paid, and is not bound to transmit it before they are paid.

It is the duty of the appellant to ascertain when the record is made out, and pay for it, in time for its transmission to this Court before the expiration of the three months.

It is not the duty of the clerk to notify the appellant or his counsel when the record is completed, and demand payment therefor.

If the failure to transmit the transcript within the time required, be due to the non-payment of the costs for the same by the appellant, the clerk is not in fault, and the appeal will be dismissed.

APPEAL from the Circuit Court for St. Mary's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, and BRYAN, J., for the appellees, and submitted on brief for the appellant.

*B. H. Camalier,* and *Daniel R. Magruder,* for the appellant.

*George Blakistone,* for the appellees.

MILLER, J., delivered the opinion of the Court.

A motion to dismiss has been made in this case upon the ground that the record was not transmitted to this Court within three months after the appeal was taken. The appeal was entered on the 17th of July, 1885, and the transcript did not reach this Court until the 10th of December following, a period of nearly five months from the date of the appeal. Rule 16, Relating to Appeals, declares that no appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed *if it shall appear* to the Court of Appeals that the delay was occasioned by the neglect, omission or inability of the clerk; but such neglect, omission or inability shall not be *presumed*, but must be *shown by the appellant.* The rule thus throws upon the appellant the *onus* of showing that the fault lies with the clerk, and, according to the practice in such cases, affidavits on this subject have been produced on both sides.

The clerk's certificate appended to the transcript shows that it was completed on the 1st of October. If the appellant had then paid the cost of making it out, it would have been the duty of the clerk to have transmitted it to this Court at once, but he had the right to retain it until these costs were paid, and was not bound to transmit it before they were paid. It appears from an undated receipt, also appended to the record, as well as from the affidavits, that the costs were actually paid by Mr. Camalier, one of the appellant's attorneys, but the affidavits on the part of the appellant fail to show when this was done. Mr. Camalier, in his affidavit, says he informed Mr. Young, the deputy-clerk, who had charge of the office, that he was ready to pay the costs at any time he was informed of the amount, and did pay the same to Mr. Young as soon as he was notified that the record was completed. But he does not say when the payment was actually made, and it must be observed that, under the rule,

it is the duty of the appellant to ascertain when the record is made out, and pay for it in time for its transmission to this Court before the expiration of the three months. It is not made the duty of the clerk to notify the appellant or his counsel when the record is completed, and demand payment therefor. Mr. Young says, that during the September Term of the Circuit Court (which commenced on the 21st of that month), Mr. Camalier handed him written instructions made out by Judge Magruder (the other attorney for the appellant) for the making up of the record, and at the same time stated he would pay the costs, which he did, but of the date of payment affiant has no recellection. On the other hand, Mr. Ford, the clerk, in his affidavit, says, that, according to the best of his recollection, he transmitted the record to this Court immediately after the costs had been paid; that he has been the clerk for the past twelve years, and has invariably transmitted records in case of appeals immediately upon the payment of costs or within a very few days thereafter. According to this affidavit the delay in transmission for more than two months after the completion of the record can only be explained on the ground that the costs had not been paid in time. In short, we are clearly of opinion the affidavits fail to show that the clerk was in fault, and the motion to dismiss must therefore prevail.

*Appeal dismissed.*

(Decided 28th May, 1886.)