(Decided November 1st, 1898.)

---

# BERNARD C. STEINER et al. vs. BELINDA E. HARDING and OLIVER P. HARDING.

*Appeal—Failure to Transmit Record in Due Time.*

Code, Art. 5, sec. 6, provides that the transcript of the record must be transmitted to the Court of Appeals within three months from the time of the appeal taken; and sec. 38 provides that no appeal shall be dismissed because the record shall not have been transmitted within the time prescribed, if it shall appear to the Court that such delay was occasioned by the neglect, omission or inability of the clerk or appellee, but such neglect, omission or inability shall not be presumed but must be shown by the appellant. *Held,* that where the clerk of the Court after preparing the record in due time did not transmit it within three months because the appellant's solicitor expressed a wish to examine it, and the record was held to await such examination and a specific order from the solicitor, which order was not given until after the prescribed time, then in such case, the failure to transmit the record in due season was not the fault of the clerk, and the appeal must be dismissed.

Appeal from a decree of the Circuit Court for Frederick County.

The cause was argued before BRYAN, FOWLER, BRISCOE, ROBERTS, BOYD and PEARCE, JJ.

*Edward S. Eichelberger* (with whom was *Bernard C. Steiner* on the brief), for the appellants.

*Milton G. Urner* (with whom was *Clayton O. Keedy* and *Hammond Urner* on the brief), for the appellees.

ROBERTS, J., delivered the opinion of the Court.

A motion has been made to dismiss this appeal and that motion must prevail. The prayer of appeal, which was filed on April 26, 1898, is in these words, as appears by a copy of it annexed to the affidavit of Mr. Fearhake:

" Frederick, Md., 25 April, 1898. A. Fearhake, Esq., City. Dear Sir:—I wish you, or whoever is the Equity Clerk, would please enter an appeal prayed in 6689 Eq., *Harding* v. *Steiner.* I will be away to-morrow, but will see you Wed.

      Yrs. hurriedly,     E. S. EICHELBERGER."

Endorsed as follows, viz:

" No. 6689 Equity. Prayer of appeal entered. Filed April 26, 1898. True Copy.

      Test: DOUGLASS H. HARGETT (Seal), Clerk."

The record did not reach this Court until August 18th. By Rule 16 (sec. 38, Art. 5, of the Code), it is provided: " No appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals that such delay was occasioned by the neglect, omission or inability of the clerk, or appellee, but such neglect, omission or inability shall not be presumed, but must be shown by the appellant." By Rule 27 (sec 6, Art. 5, of the Code), the transcript of the record must be transmitted to this Court within three months from the time the appeal was taken. It is apparent, then, that more than three months elapsed between the 26th of April and the 18th of August; and under the 16th rule the delay in transmitting the record cannot be presumed to

be the fault of the clerk.   Indeed, whenever such a delay
occurs the appellant must, to save the appeal from being
dismissed, affirmatively show that the delay was occa-
sioned by the neglect, the omission or the inability of the
clerk.   The *prima facie* evidence requiring the Court
under its rules to dismiss an appeal is furnished when the
fact appears that more than three months have elapsed
between the date of the entry of the appeal and the date
of the transmission of the record; and this *prima facie*
evidence must be rebutted and overcome by the ap-
pellant.   He can overcome its effect by showing that
the delay was due (first) to the neglect, (second) to the
omission, or (third) to the inability of the clerk.   If he
fails to establish at least one of these exculpatory cir-
cumstances there is no discretion given this Court to
entertain the appeal; and the appellee's right to have it
dismissed, secured as it is by the positive terms of the
rule, becomes fixed and indefeasible.   The rule has the
binding force of a statute and its observance is obliga-
tory on this Court.   We have no power to relax it, or
to disregard it so long as it remains unrevoked.   Cases
falling under it are not within the domain of a judicial
discretion, but they are governed by its imperative pro-
visions.

The *prima facie* case being made out as already sug-
gested, it comes to a simple inquiry of fact as to whether
the appellants have satisfactorily shown that the clerk
was responsible for the delay.   Five affidavits have been
submitted, two on behalf of the appellants and three
on behalf of the appellees.   Without quoting at length
from these depositions, we may say that they conclu-
sively show that the transcript was fully made up and
completed by the clerk within the three months and
certainly by the 14th of July.   It is clear, then, that the
failure to forward that transcript to this Court for more
than a month afterwards was not due to the inability of
the clerk to prepare it.   That feature may therefore be
considered as eliminated from the investigation.   The
omission of the clerk obviously means an omission for
which he, and he alone, is responsible.   If he omitted

to transmit it because directed by the appellant not to send it, or because the appellant refused to pay legal costs for making it up, it would be an omission, but not the omission to which the rule has reference. Both the omission and neglect alluded to in the rule relate to unwarrantable and improper acts of the clerk.

Confessedly the transcript was made up in due time. Why, then, was it not transmitted? It is perfectly clear from the affidavits that there was some conversation between the deputy clerk who transcribed the record and the solicitor of the appellants relative to an examination of the record by the solicitor. The solicitor was undoubtedly notified after the transcript had been completed, that it was ready for his inspection and he replied that he would call in about it. He did not call until the 17th of August, after he had been asked by another deputy clerk whether he intended to send the papers down. According to the testimony of Mr. Fearhake, "The record was held to await the examination of the solicitor of the appellants, and until he should give a specific order to transmit it." That there were general conversations between Mr. Fearhake and the solicitor about examining the record is conceded in the affidavit of the solicitor; and that the result of these interviews was to induce the clerk to hold the record for the inspection of the solicitor is abundantly apparent. We are forced to the conclusion that the clerk held back the record to enable the solicitor to examine it; and that he so held it back in consequence of the conversations to which reference has been made. If, then, as is the undisputed fact, the solicitor omitted to make the examination or failed after these conversations to notify the clerk within the three months to forward the record, though the solicitor had not examined it, the failure of the clerk to transmit the record can surely not be attributed to the clerk's negligence or omission.

The duty of an attorney with respect to the transmission of a record is not ended when he gives directions to enter an appeal and to transmit the record. He is, or ought to be, aware that the clerk is under no obligation

to forward the transcript unless he is paid for it; and it is incumbent upon him to give no instructions that may delay the filing of the record here unless he sees to it that the record *does* get to the Court in proper time.

*Appeal Dismissed.*

(Decided November 3d, 1898.)

