## MARYLAND, DELAWARE AND VIRGINIA RAIL-WAY COMPANY *vs.* BESSIE M. HAMMOND.

*Appeal—Delay in Transmission of Record.*

When the record on appeal is not transmitted to the Court of Appeals within the time prescribed by Code, Art. 5, sec. 6, the presumption is that the delay is owing to the fault of the appellant, and the burden is upon him to show that the delay was due to the neglect or omission of the Clerk of the trial Court or of the appellee. In this case, where the record was not transmitted within the required time, since it is not shown that the delay was caused by the Clerk of the trial Court or of the appellee, the appeal is dismissed.

*Decided February 17th, 1909.*

Appeal from the Circuit Court for Talbot County (PEARCE, C. J., and ADKINS, J.)

The cause was argued before BOYD, C. J., BRISCOE, SCHMUCKER, BURKE, THOMAS, WORTHINGTON and HENRY, JJ.

*Joseph B. Seth* and *Henry R. Lewis,* for the appellant.

*J. Harry Covington* and *J. Frank Harper,* for the appellee.

WORTHINGTON, J., delivered the opinion of the Court.

In this case the prayer for an appeal was entered in the lower Court on July 25th, 1908, but the record was not received here until November 13th, 1908, and a motion to dismiss the appeal has been made on the ground that the record was not transmitted to this Court within the time prescribed by Art. 5, sec. 6, of the Code.

The fact that the transcript of record was not received here within three months from the time of the appeal prayed, as provided in the aforegoing section, is *prima facie* evidence of default on the part of the appellant,. and the burden is upon it to show that the delay was due to the neglect, omission or inability of the clerk or appellee.

Affidavits have accordingly been filed by the appellant for this purpose. Counter affidavits have also been filed by the appellee to show that the delay was occasioned by the fault of the appellant.

There is some slight conflict between the affidavits on the part of the appellant and those on the part of the appellee as to the manner in which the clerk obtained possession of the bill of exceptions in the case after it was signed by the Judges of the trial Court.

The affidavit of Gen. Seth, of counsel for appellant, is to the effect that he took the bill of exceptions in person to the office of the Clerk of the Circuit Court for Talbot County and delivered the same to the Clerk of said Court on September 24th, 1908.

The affidavits on behalf of the appellee, however, are to the effect that the testimony as made up by the stenographer and constituting practically the entire bill of exceptions was obtained by the Clerk on September 24th, 1908, from the office of Judge Adkins, at Easton.

The affidavit of the Clerk himself, of his deputy, and of Miss Elma Fleming, a young lady in the office of Judge Adkins, are all to the same effect in this regard, and a letter written by Judge Adkins at Elkton, where he was then holding Court, to the Clerk at Easton, filed in the case, we think, shows conclusively that the testimony was so obtained by him from Judge Adkins' office.

In other respects the affidavits are not conflicting and show that although an appeal bond was filed by the appellant on September 25th, 1908, no order or direction to the Clerk to transmit the record to the Court of Appeals was given, nor any inquiry made as to the cost of making up the record un-

til November 10th, 1908, when the costs were paid by appellant's counsel and direction then given that the transcript be at once transmitted.

The affidavit of the Clerk was further to the effect that "since the date of September 24th, 1908, a complete copy of the declaration and testimony in the case had been made and the record thus substantially prepared, its cost had been definitely fixed and it was ready for transmission on a day's notice."

In *Parsons* v. *Padgett,* 65 Md. 356, the Court held that: "It is not made the duty of the clerk to notify the appellant or his counsel when the record is completed, and demand payment therefor." "But it is the duty of the appellant to ascertain when the record is made out and pay for it in time for its transmission before the expiration of the three months." To the same effect is *Steiner* v. *Harding,* 88 Md. 343.

Under the circumstances of this case, therefore, we are all of the opinion that the appeal must be dismissed.

The case was, however, fully and ably argued at bar on its merits, and we have since examined the record and briefs of counsel, and while the case is rather a close one on the question of contributory negligence, we all agree that it was properly submitted to the jury on the instructions granted by the learned Judges of the trial Court.

The defendant's prayers asking the Court to withdraw the case from the jury were properly refused, especially as the jury were by agreement allowed to visit the *locus in quo* and to view the physical conditions at the crossing where the accident occurred.

"Where the facts are left by the evidence in dispute, or where fair minds might draw different conclusions, the case should go to the jury." *Ziehm* v. *United El. Light Co.,* 104 Md. 84.

Could the appeal have been entertained, the judgment of the lower Court would have been affirmed. But for the reasons stated the appeal must be dismissed.

*Appeal dismissed with costs to the appellee.*