## WILLIAM T. WARBURTON, TRUSTEE, *vs.* ELIZA-BETH ROBINSON.

*Appeal—Presumption Against Appellant When Record is Not Transmitted Within the Time Prescribed.*

When the transcript of a record on an appeal has not been transmitted to this Court within the time prescribed by law, the effect of Code, Art. 5, sec. 40, is to create a presumption that the appellant was responsible for the delay, and to impose upon him the burden of showing that the failure to forward the record in due time was not the result of his own neglect, but was due to the fault of the Clerk of the lower Court or of the appellee.

In this case, the affidavit of the appellant and that of the Clerk of the lower Court contradicted one another as to the responsibility for the delay in sending up the record, and it is ruled that, under the circumstances, the appellant has failed to rebut the presumption that this delay was caused by him.

If appellant's counsel promised the Clerk of the lower Court to designate the papers which should be included in the record on appeal, and failed to do so until it was too late to make and forward the record in the time allowed, he will not be relieved from the consequence of this omission merely because he had incorporated a formal order for the transmission of the record in the prayer for appeal.

*Decided March 31st, 1910.*

Appeal from the Circuit Court for Cecil County.

The cause was argued before BOYD, C. J., BRISCOE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*Edgar Allan Poe,* for the appellant.

*William S. Evans,* for the appellee.

URNER, J., delivered the opinion of the Court.

A motion has been filed for the dismissal of this appeal because the record was not transmitted within the time limited by section 33 of Article 5 of the Code of Public General Laws. The appeal was entered on September 14th, 1909, but the record was not sent to this Court until the 18th of the following December after the expiration of the prescribed period of three months.

It is provided by section 40 of Article 5 of the Code that "no appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals that such delay was occasioned by the neglect, omission or inability of the clerk or appellee; but such neglect, omission or inability shall not be presumed, but must be shown by the appellant."

This provision of the Code imposes upon the appellant the burden of showing that the failure to forward the record within three months after the entry of the appeal was not the result of his own neglect, but was due to the default of the clerk or appellee. *Parsons* v. *Padgett,* 65 Md. 356; *Willis* v. *Jones,* 57 Md. 362; *Estep* v. *Tuck,* 109 Md. 528; *M. D. & V. Ry. Co.* v. *Hammond,* 110 Md. 124.

In the absence of proof that the clerk or appellee was delinquent the presumption is that the appellant was responsible for the delay, and he must satisfy the Court that by proper diligence the record could not have been prepared and transmitted in time. *Ewell* v. *Taylor,* 45 Md. 573; *N. C. R. R. Co.* v. *Rutledge,* 48 Md. 262; *Mason* v. *Gauer,* 62 Md. 263.

As was said in *Steiner* v. *Harding,* 88 Md. 343: "The delay in transmitting the record cannot be presumed to be the fault of the clerk. Indeed, whenever such a delay occurs the appellant must, to save the appeal from being dismissed, affirmatively show that the delay was occasioned by the neglect, the omission or the inability of the clerk. The *prima facie* evidence requiring the Court under its rules to dismiss an appeal is furnished when the fact appears that more than three months have elapsed between the date of the entry of the

appeal and the date of the transmission of the record; and this *prima facie* evidence must be rebutted and overcome by the appellant."

In the present instance we have been unable to reach the conclusion, from the affidavits filed, that the burden imposed by the law upon the appellant has been sustained.

There is an absolute contradiction between the clerk and the appellant as to the responsibility for the delay. The appeal was from an order sustaining exceptions to the fourth report of the auditor in proceedings relating to a continuing trust, and the record as a whole was voluminous. The deputy clerk who had charge of appeals from the Court below deposed that he notified the appellant, who was one of the counsel in his own behalf, that he was prepared to make out and transmit the record and requested him to designate such portions as he desired to be included in the transcript, and that the appellant promised to do so, but did not indicate what should go into the record until on or about December 13th, 1909, when he gave the requisite directions, but that it was not then possible to make out and transmit the record within the time limited by the Code. The deputy's affidavit was supplemented by the deposition of Mr. Drennen, who was clerk at the time of the appeal, to the effect that the appellant, although requested so to do, failed to give any directions as to what part of the proceedings should be incorporated in the record for transmission to this Court until after the expiration of the deponent's term of office on December 6th, 1909. Both of these affiants declare that the delay in sending up the record was not occasioned by any neglect, omission or inability of the clerk, but that it would have been made and transmitted within the time limited by law if the appellant had given directions in time as to what should be included. While Mr. Drennen's term as clerk ended about a week before the three months succeeding the date of the appeal expired, yet the deputy in charge of the appeal was continued in office, and his deposition applied to the whole period.

The appellant has deposed that after filing the formal order for the appeal and the transmission of the record he had no conversation with the clerk or his deputy on the subject until shortly before Mr. Drennen's term expired, when he asked the deputy clerk whether the record had been prepared; that the deputy replied that it had not, but that he would see that it was made up in time; that on or about December 13th the deputy requested him to indicate what was to go in the record, and this was the first time that such a request had been made; that he did nothing to cause the delay or to prevent the clerk from complying with the order for the transmission of the record; and that, relying upon the order, he supposed the record would be made up within the time prescribed by law.

It is manifestly impossible to reconcile these conflicting affidavits. If the appellant promised to designate what was to be included in the record and failed to do so until it was too late to make and forward the transcript in time, he could not be relieved of the consequence of this omission merely because he had incorporated a formal direction for the transmission of the record in the prayer of appeal. Such an order given at the time the appeal is taken could not have the effect of discharging the burden which the law places upon an appellant to show that the delay in sending up the record is due to the default of the clerk or appellee. *Steiner* v. *Harding, supra.*

In the situation with which we here have to deal it is not necessary for us to assume the unwelcome task of discriminating between the affiants, who are presumed to be of equal credibility, and of determining whose delinquency occasioned the delay, because it is abvious that the question must be disposed of, as already indicated, upon the ground that the appellant has not furnished a preponderance of evidence to satisfy the burden of proof to which he is subjected. As the contradictory depositions may be regarded as neutralizing each other, the case is controlled by the presumption against

the appellant which the law creates and which requires that the appeal be dismissed.

If, however, the appeal could be entertained, we should af-firm the order from which it was entered. The question in-volved is whether the appellant as trustee appointed by decree to sell property under a mortgage, invest the proceeds, and pay the income to the appellee during her life on account of an annuity which the mortgage secured, is entitled to an al-lowance out of the trust funds for counsel fees incurred by him in opposing, with the remaindermen, the appellee's un-successful effort to have the corpus applied so far as necessary to supply the deficiency of the income in providing the speci-fied amount of the annuity. We should have no difficulty in approving the determination of the Court below that it was not the duty of the trustee, under the conditions shown by the record, to participate in this litigation between the parties en-titled to the trust fund over the question of its application, and that counsel fees incurred in antagonizing the claim of the annuitant cannot properly be paid out of the income to which she is entitled or out of the corpus during the existence of her life estate. This conclusion is entirely in accord with the rule applied in *B. & O. R. R. Co.* v. *Brown,* 79 Md. 442; *McGraw* v. *Canton,* 74 Md. 554; *Title Co.* v. *Burdette,* 104 Md. 666; *Ohio Life Insurance Co.* v. *Winn,* 4 Md. Ch. 259.

*Appeal dismissed.*