# FRANK M. DUVALL *vs.* THE MARYLAND ELECTRIC RAILWAYS CO.

*Appeal Dismissed for Delay in Transmission of Record.*

Rule 16 of this Court provides that an appeal will not be dismissed for failure to transmit to this Court the record on appeal within the prescribed time of three months from the date of the appeal, if the appellant makes it appear that the delay was caused by the negligence or omission of the Clerk of the Court below or of the appellee. In this case, more than six months elapsed between the entry of the appeal and the transmission of the record. This delay was not caused by the Clerk of the trial Court. The appellant alleged that the appellee retained in his possession a typewritten copy of the evidence and thus prevented him from preparing the bill of exceptions. The appellee obtained possession of the copy of

the evidence more than three months before the transmission of the record. *Held,* that under these circumstances, the appeal should be dismissed.

*Decided January 10th, 1911.*

Appeal from the Circuit Court for Anne Arundel County.

The cause was argued before BOYD, C. J., PEARCE, SCHMUCKER, PATTISON and URNER, JJ.

*Robert Moss* (with whom was *James M. Munroe* on the brief), for the appellant.

*J. Wirt Randall,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appeal before us was taken from a judgment in assumpsit against the appellant, as defendant below, in the Circuit Court for Anne Arundel County.

The final judgment in the Circuit Court was entered on August 19th, 1909, and the appeal therefrom was taken on October the 6th, 1909. After several extensions of the time for signing the bills of exception, made upon the application of the appellant, they were signed and filed on February 3rd, 1910, which was within the limit of the last order of extension. The transcript of the record was not transmitted to this Court until April 16th, 1910.

A motion has been filed in this Court by the appellee to dismiss the appeal because the transcript of the record was not sent here within the time required by law. In support of the motion there was filed an affidavit of William N. Woodward the deputy clerk of the Circuit Court for Anne Arundel County which states:

(1) That he as such deputy has charge of the dockets of said Court and of the filing of papers in cases thereon and

of making out the transcripts of records for the Court of Appeals.

(2) That in the present case the bills of exception were filed on the 3rd of February, 1910, and that within a few days thereafter the record in the case was ready for transmission to the Court of Appeals, but its transmission was delayed until the 15th day of April, 1910, because the costs of the record were not paid in the clerk's office of the Court below until the last named day.

(3) That the delay in the transmission of the record to this Court was not occasioned by the neglect, omission or inability of the clerk or any one connected with his office or of the appellee.

The appellant filed an answer to the motion to dismiss, in which he averred that the delay in preparing the bills of exception was largely due to the fact that the appellee's counsel retained in his possession a typewritten copy of the testimony, made from notes taken by a stenographer during the trial, for so long time that it did not come into the possession of the appellant's counsel until January 14th, 1910.

The answer was accompanied by an affidavit in rather general terms from the stenographer, who made the copy of the testimony, touching its retention by the appellee's counsel, and also one from the deputy clerk Woodward, which did not materially vary the statements made in his previous one. The appellee's counsel filed in reply an affidavit contradicting some of the more important statements of the one made by the stenographer and asserting that the typewritten copy of the testimony had been made for the appellee at its own expense and was its private property.

We deem it unnecessary to discuss the three last mentioned affidavits because the appellant's answer itself shows him to have been guilty of such laches in transmitting the record to this Court as to require the dismissal of the appeal.

In all appeals to this Court the appellant is responsible for having a transcipt of the record duly prepared and transmitted here within the prescribed time. That time under our rules, in appeals from Courts of Law, is within three months from the time of the appeal taken. Rule No. 16 affords the appellant relief from the consequences of delays for which he is not responsible by providing that no appeal shall be dismissed for failure to transmit the transcript within the prescribed time upon his making it appear to this Court that the delay was caused by the neglect, omission or inability of the clerk or appellee, but such neglect, omission or inability will not be presumed. When the Court below has by granting extensions of the time for signing the bills of exception rendered it impossible to have the transcript prepared within the prescribed three months we have allowed such further reasonable time for its transmission as in our judgment was proper.

In the present case more than six months elapsed between the taking of the appeal and the transmission of the transcript. The appellant attempts to account for this delay by asserting that the appellee's counsel retained for a long time in his possession a typewritten copy of the evidence in the case which was requisite for the preparation of the bills of exception. Assuming that the appellant was entitled to the possession and use of that copy of the evidence, his deprivation of it for a time affords no sufficient excuse for his great delay in transmitting the record. He asserts in his answer that he got possession of the copy on January 14th, 1910, which was more than three months before the transcript of the record was sent to this Court. The affidavit of the deputy clerk completely negatives the theory that any portion of the delay is chargeable to the clerk or his subordinates.

Under these circumstances we feel that it is our plain duty to dismiss the appeal.

*Appeal dismissed with costs.*