LOUIS HORPEL AND LAURA E. HORPEL, MORT-GAGORS, vs. WALTER I. HAWKINS, ASSIGNEE.

*Appeals; transmission of record; delay; Code of Public General Laws, Art. 5, sec. 33; negligence of clerk; no presumption of; cost of record; rights of clerk.*

Under Article 5, section 40 of the Code, an appeal may be entertained, notwithstanding the limit of time prescribed by the Code, Article 5, section 35, for the transmission of the record is exceeded, if it appears that the delay was occasioned by the negligence, or omission, or inability of the clerk to transmit it in time; but such delinquency on the part of the clerk is not to be presumed and must be shown.          p. 157

The Clerk of the Circuit Court has the right to withhold the transcript until his costs for preparing it are paid. There was undue delay in the transmission of a record to the Court of Appeals; an affidavit of the former Clerk of the Court was offered, showing that it had been the practice for over forty years in the clerk's office, upon an order for an appeal being given, for the clerk to make up and transmit the record within the time prescribed by the law, without requiring the payment of the costs. *Held,* that it was not necessary to consider how far such a practice would be material in determining the responsibility for delay, since this affidavit referred to a period nearly a year before the record in this case was prepared.                              pp. 158-159

The mere omission of a clerk to demand the costs within the time for the transmission of a record does not exonerate the appellants from their responsibility to see that the record reaches the Court of Appeals within the statutory period.

p. 160

*Decided February 23rd, 1911.*

Appeal from the Circuit Court for Carroll County, sitting in Equity (THOMAS, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, PATTISON and URNER, JJ.

*W. Guy Steele* (with whom were *William Penrose* and *W. T. Harden,* on the brief), for the appellant.

*John Milton Reifsnider,* for the appellee.

URNER, J., delivered the opinion of the Court.

The view expressed by the Court at the argument of this case that the motion to dismiss the appeal would have to be granted has not been modified upon further consideration. We have not been able to reach the conclusion that the appellants have met the burden, imposed upon them by the law, of showing that the failure to transmit the record within three months from the time of the appeal as required by Code, Article 5, section 33, was due to the neglect of the clerk or appellee. While an appeal may be entertained, notwithstanding the prescribed limit of time for the transmission of the record is exceeded, if it appear that the "delay was occasioned by the neglect, omission or inability of the Clerk or appellee," yet this is not to be presumed, but must be shown by the appellant. Code, Article 5, section 40; *Warburton* v. *Robinson,* 113 Md. 24; *M. D. & V. Ry. Co.* v. *Hammond,* 110 Md. 124; *Estep* v. *Tuck,* 109 Md. 528; *Parsons* v. *Padgett,* 65 Md. 356; *Willis* v. *Jones,* 57 Md. 362; *Duvall* v. *Maryland Electric Ry. Co.,* 114 Md. 298. It is well settled that "in the absence of proof that the clerk or

appellée was delinquent, the presumption is that the appellant was responsible for the delay and he must satisfy the Court that by proper diligence the record could not have been prepared and transmitted in time." *Warburton* v. *Robinson, supra; Steiner* v. *Harding,* 88 Md. 343; *Mason* v. *Gauer,* 62 Md. 263; *Ewell* v. *Taylor,* 45 Md. 573; *N. C. R. R. Co.* v. *Rutledge,* 48 Md. 262.

The appeal in this case was entered on September 2, 1910. It appears by an affidavit of William L. Seabrook, deputy clerk of the Court below, that the record was fully completed and ready for transmission to the Court of Appeals on November 10, 1910, and that he thereupon gave notice to the attorneys of record for the appellants that the record was ready to be forwarded to this Court upon the payment of the costs of its preparation, amounting to $55.00, and that it would not be transmitted until the costs were paid; that the costs were not paid until December 6, 1910, and on the same day the record was sent by express to the clerk of the Court of Appeals.

There can be no question as to the right of the clerk to withhold the transcript until his costs for preparing it are paid, *Steiner* v. *Harding, supra;* and the affidavit to which we have referred shows distinctly that the record was ready in ample time and that the delay in its transmission was not due to the fault of the clerk or appellee. It is contended, however, that an additional affidavit of the same deputy, supplemented by the deposition of Mr. George A. Miller, a previous incumbent of the office, shows that the clerk was in fact responsible. Mr. Miller's affidavit states that he was either clerk or deputy clerk of the Court below from December, 1867, to December, 1909, and during that period had charge of the preparation of records for the Court of Appeals; that it was the practice of the office during his incumbency for the clerk, upon an order for appeal being given, to make up and transmit the record within the time prescribed by law without requiring payment of the costs, unless delay was desired by the attorneys, except in a few cases where costs were de-

manded; that this practice was uniform during the period mentioned and the record was invariably transmitted unless the payment of costs was refused. It is to be observed that this deposition refers to a period which terminated nearly a year before the record in this case was prepared, and there is nothing to show that the practice indicated was adopted or continued by the present clerk. It is, therefore, not necessary to consider how far such a practice would be material in determining the responsibility for delay in sending a record to this Court on appeal.

The additional affidavit of Mr. Seabrook, the deputy clerk, state that upon the order for appeal being filed he began work upon the record, but was unable to complete it until November 10th; that shortly before the appeal was entered he was requested by the local counsel for the appellants to estimate the cost of the record; that after its completion he told the local counsel that it was finished and asked if he desired to see it, to which the latter replied: "No, I am sure it is all right," or words to that effect; that this was during the November term of the Court below; that having decided that the costs should be paid before the record was forwarded, he later spoke to the local counsel about the costs, and, seeing that he had no time to give to the matter, asked him whether the deponent should write to the associate counsel in Baltimore City for the costs; that having received a reply in the affirmative and being furnished with the address of the attorney in Baltimore, he wrote to the latter on the subject and received the costs in due course of mail, whereupon the record was transmitted. The affiant further stated that he believed the appellants paid the costs as promptly as possible after the receipt of his letter and that the only bill or statement of the amount of the costs made by him to the appellants or their attorney was that contained in the letter referred to in which they were stated to be $55.00 and in which notice was given that they must be paid not later "than Tuesday next, the last day for sending up the record to the Court of Appeals," and that the

costs were paid within that time. It appears, however, that the deputy was in error in reference to the date of the expiration of the time for sending up the record, as it actually expired on December 2nd, the day on which the letter was written.

There is also before us an affidavit of William Penrose, Esquire, the attorney for the appellants in Baltimore City, and one by Lewis Horpel, one of the appellants, showing that the costs were paid as soon as they were notified by the clerk that the payment would be required.

It is urged that there is an inconsistency between the two affidavits by the deputy clerk to which we have referred, in that the first indicates that upon the completion of the record on November 10 the deputy *thereupon* gave notice to the appellant's attorney that the record would not be transmitted until the costs were paid, while the second states that, the record being completed, the deputy *later* spoke to one of the attorneys in reference to the costs. It was also argued that if the depositions were not inconsistent, the second affidavit should be regarded as defining what was meant by the term "thereupon" as used in the first. But if we should adopt either of the theories suggested, we would nevertheless be unable to conclude that the appellants had discharged the burden of showing affirmatively that the clerk or appellee was responsible for the failure to forward the record within the time prescribed by law. The mere omission of the clerk to demand the costs within the time prescribed for the transmission of the record would not exonerate the appellants from their responsibility to see that it reached this Court within the statutory period; *Parsons* v. *Padgett, supra;* and the statement of the appellants' attorney to the deputy clerk that he did not care to examine the record is not of itself sufficient to prove that the clerk or appellee was accountable for the subsequent delay. In *Steiner* v. *Harding, supra,* it was said: "The *prima facie* evidence requiring the Court under its rules to dismiss an appeal is furnished when the fact appears that more than

three months have elapsed between the date of the entry of the appeal and the date of the transaction of the record; and this *prima facie* evidence must be rebutted and overcome by the appellant. He can overcome its effect by showing that the delay was due (first) to the neglect, (second) to the omission, or (third) to the inability of the clerk. If he fails to establish at least one of these exculpatory circumstances, there is no discretion given this Court to entertain the appeal; and the appellee's right to have it dismissed, secured as it is by the positive terms of the rule, becomes fixed and indefeasible. The rule has the binding force of a statute and its observance is obligatory on this Court. We have no power to relax it, or to disregard it so long as it remains unrevoked. Cases falling under it are not within the domain of a judicial discretion, but they are governed by its imperative provisions."

The Court has no alternative under the circumstances of this case but to apply the plain provisions of the law and to dismiss the appeal.

*Appeal dismissed.*