GEORGE D. HORSEMAN and EVA B. HORSEMAN,
Terretenants of Harry G. Horner,

*vs.*

ELVIRA E. FURBUSH.

*Appeals: transmission of record; delay; burden of proof.
Court of Appeals: rules; effect of law.*

The rules of the Court of Appeals, incorporated in section 6 of Article 5 of the Code, regarding the time for the transmission of records, have the effect of law, and can not be waived. pp. 582, 583

Under this section and section 40 of Article 5, if the record is not transmitted in time, the appeal will be dismissed, unless it be shown that the delay was caused by the neglect, omission or inability of the clerk or appellee, and this burden of proof is on the appellant. p. 582

In the computation of the three months allowed by the rule for the transmission of the record, the time begins with the date on which the appeal was ordered. p. 582

Where the clerk had prepared the record in ample time, and had given it to the appellant to examine, who retained it so long that on the day it was due it was received at Annapolis too late for delivery, the appeal was dismissed. p. 585

*Decided January 13th, 1915.*

Appeal from the Circuit Court for Wicomico County. (Standford, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

L. *Claude Bailey* (with whom was *Joseph L. Bailey* on the brief), for the appellant.

E. *Stanley Toadvin* and *Alonzo L. Miles,* for the appellee.

URNER, J., delivered the opinion of the Court.

The order for the appeal in this case was filed in the Court below on May 18th, 1914, and the record reached this Court on the 19th of the following August. A motion to dismiss the appeal has been filed on the ground that the record was not transmitted within the time prescribed by the rule of the Court of Appeals, embodied in section 6 of Article 5 of the Code of Public General Laws. The period of three months allowed for that purpose, computing from the date of the order for the appeal, was exceeded in the present instance by only one day, but as the terms of the rule are explicit and positive and have the controlling effect of a statute upon the action of the Court, the only inquiry open to us, upon the motion to dismiss, is that permitted by another rule (Code, Art. 5; sec 40) which provides that:

> "No appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals that such delay was occasioned by the neglect, omission or inability of the clerk or appellee; but such neglect, omission or inability shall not be presumed, but must be shown by the appellant."

It is the plain intent of this provision that when the record does not reach this Court in due time, as required by the rule, a motion to dismiss must prevail unless the appellant relieves himself of the responsibility for the delay by showing that it is properly chargeable to the clerk or appellee. If this burden of proof is not discharged, "there is," to quote from the opinion in *Steiner* v. *Harding,* 88 Md. 345, "no discretion given this Court to entertain the appeal; and the appellee's right to have it dismissed, secured as it is by the

positive terms of the rule, becomes fixed and indefeasible. The rule has the binding force of a statute and its observance is obligatory on this Court. We have no power to relax it, or to disregard it so long as it remains unrevoked. Cases falling under it are not within the domain of a judicial discretion, but they are governed by its imperative provisions." There has been no variation in the enforcement of the rule according to its evident purpose. *Horsey* v. *Woodward, ante* p. 361; *M. D. & V. Ry. Co.* v. *Hammond,* 110 Md. 124; *Estep* v. *Tuck,* 109 Md. 528; *Parsons* v. *Padgett,* 65 Md. 356; *Willis* v. *Jones,* 57 Md. 362; *Warburton* v. *Robinson,* 113 Md. 24. In the last cited case it was said that the rule "imposes upon the appellant the burden of showing that the failure to forward the record within three months after the entry of the appeal was not the result of his own neglect, but was due to the default of the clerk or appellee. * * * In the absence of proof that the clerk or appellee was delinquent the presumption is that the appellant was responsible for the delay, and he must satisfy the Court that by proper diligence the record could not have been prepared and transmitted in time. *Ewell* v. *Taylor,* 45 Md. 573; *N. C. R. R. Co.* v. *Rulledge,* 48 Md. 262; *Mason* v. *Gauer,* 62 Md. 263." The inquiry to which we are confined, therefore, is whether the appellant has furnished the proof required by the rule.

An affidavit of the clerk of the Court below has been presented from which it appears that he prepared the record in this case at the request of counsel for the appellant; that he completed the transcript on August 12th, 1914, and on the same day notified one of the appellant's counsel, the other being absent, that the record was ready for inspection; that on the following Saturday, the 15th, the counsel who was absent when the notice of the 12th was received by his associate, called for the record and took it with him for examination, and late on the afternoon of Monday, August 17th, he suggested certain corrections, which were accordingly made, and the record was posted that evening by registered mail addressed to the Clerk of the Court of Appeals. There is a

deposition of the postmaster at Annapolis to the effect that the registered package in question was received at his office on the evening of August 18th too late for delivery that day. The time of the reecipt of the package at the Annapolis post-office is shown more specifically by the affidavit of the registry clerk that it reached the office between five and five-thirty o'clock P. M. on August 18th. The Secretary of this Court deposed that he called at the post-office in Annapolis between five and six o'clock, and again about seven o'clock, on the evening of August 18th, and that on neither visit did he find a card in the lock-box of the Court of Appeals giving notice that there was a registered parcel for the Clerk of the Court, although it is customary for such cards to be placed in the box when there are such parcels for delivery, and that there was no such card in the box when he went to the office for mail about nine o'clock on the morning of the 19th, and that the package was delivered to him when he received the eleven o'clock mail. It is apparent that this affidavit, while it refers to a practice of placing cards in the lock-box for the purpose mentioned, does not undertake to show that the parcel referred to was received at the post-office on August 18th in time to admit of such a notice being given the same day, and hence it does not conflict with the sworn statement of the postmaster that the package reached the office too late for delivery that evening.

The substance of all the proof offered on the subject of the present inquiry has now been stated. It does not impute any accountability for the delay to the appellee in the case, and it shows affirmatively that the clerk fully performed his duty by completing the record in time for its transmission to this Court before the expiration of the prescribed period. There were six days yet available for that purpose when the appellant's counsel received notice on August 12th that the transcript of the record was finished. When it was taken for inspection on the 15th there was still ample time to forward it by any of the customary methods of carriage with reasonable assurance that it would reach the clerk of this Court on

or before the 18th. If it had been mailed at the point of departure on the morning of the 17th it would doubtless have been received here in time. But when it appears that the forwarding of the record was deferred until the evening of the 17th, under the circumstances described, and there is nothing to show or suggest that it could not have been inspected and returned to the clerk for earlier mailing or that the package was delayed in transit between Salisbury and Annapolis and did not reach its destination in the time usually required for that class of mail, it is clear that the appellant must assume the responsibility for the fact that the transcript did not reach this Court within the period defined by the rule.

While we are naturally reluctant to enforce the rule when the time it allows for the transmission has been exceeded by such a narrow margin as on this appeal, we could not rightfully modify its express and definite terms, or make its application depend upon a mere measurement of the extent to which it has been transgressed, in order to avoid the prescribed consequence of the delay in a particular case. Upon a complete examination of the record, however, we feel less hesitation in sustaining the appellee's right to a dismissal, as we find no error in any of the rulings below and are satisfied that if the appeal could be entertained, the judgment would be affirmed.

*Appeal dismissed.*