# LUTHER BRILL ET AL.

## vs.

## STATE OF MARYLAND.

*Appeal—Motion·to Dismiss—Delay in Transmitting Record—Exceptions—Form of Verdict.*

The requirement of the rule that transcripts of records shall be transmitted to the Court of Appeals within three months from the time of taking the appeal is imperative and obligatory on the court.                                                    p. 70

On a motion to dismiss the appeal, *held* that the appellant did not discharge the burden upon him of showing that the delay in transmitting the record was due to the neglect or omission of the clerk or of the appellee.                    pp. 71-73

Remarks made by the trial court cannot be considered on appeal if not excepted to.                                        p. 74

The form of the verdict cannot be considered on appeal if not questioned in the lower court by a motion in arrest of judgment or some other method.                                        p. 74

A verdict which, while finding defendant guilty on two of the counts, is silent as to the others, is valid, as being equivalent to a verdict of not guilty as to such others.                p. 74

*Decided June 27th, 1923.*

Appeal from the Circuit Court for Washington County (WAGAMAN, J.).

Criminal proceeding against Luther Brill and others. From judgments of conviction, defendants appeal. Dismissed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*J. Cleveland Grice,* with whom were *Frank L. Mulholland* and *Charles Hartmann* on the brief, for the appellants.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *D. Angle Wolfinger, State's Attorney for Washington County,* on the brief, for the State.

BRISCOE, J., delivered the opinion of the Court.

The appellants were tried and convicted in the Circuit Court for Washington County on the second count of an indictment charging them with an assault to rob. A motion for a new trial having been overruled, they were each sentenced to the Maryland Penitentiary. The appellants Brill and Pomeroy were sentenced for the period of seven years, and the appellants Fraker and Ditmer were sentenced for the period of five years.

On January 4th, 1923, the appellants filed an order for an appeal with the clerk of the court, and the record appears to have been transmitted to this Court on April 7th, 1923, more than three months after the order for appeal had been taken and filed.

A motion has been made to dismiss the appeal for the reason that the transcript of the record was not transmitted to the Court within three months from the time of appeal taken, as required by section 6 of article 5 of the Code.

It is provided by section 40 of article 5 of the Code, that no appeal shall be dismissed because the transcript shall not have been transmitted within the time prescribed, if it shall appear to the Court of Appeals that such delay was occasioned by the neglect, omission or inability of the clerk or appellee, but "such neglect, omission or inability shall not be presumed, but must be shown by the appellant."

Section 1 of Rule 25 of this Court provides that, in criminal cases, an appeal or writ of error allowed by law shall be taken within thirty days from the date of judgment or sentence and a transcript of the record shall be forthwith transmitted to this Court, and the case shall be heard at the earliest convenient day after the record is transmitted to this Court, either during the term at which the transcript is re-

ceived or at the first term thereafter unless continued for cause.

Section 2 provides that criminal cases may, on motion of the Attorney General or counsel for the accused, be advanced so as to be disposed of without any unnecessary delay.

It has been repeatedly held by this Court that the rule (Code, art. 5, sec. 6), requiring transcripts of records on appeal to this Court to be transmitted within three months from the time of the taking of the appeal, has the controlling force of a statute.

In *Steiner* v. *Harding*, 88 Md. 343, the Court said: "The rule has the binding force of a statute and its observance is obligatory on the Court. We have no power to relax it or to disregard it so long as it remains unrevoked. Cases falling under it are not within the domain of judicial discretion, but they are governed by its imperative provisions."

In *Castelberg* v. *Hamburger*, 133 Md. 44, this Court, in dealing with a somewhat similar case, held that when the record has been in fact transmitted after the expiration of the period limited by the rules, it is obligatory upon the Court to dismiss the appeal unless the appellant proves that the delay was occasioned by "the neglect, omission or inability of the clerk or appellee." *Estep* v. *Tuck*, 109 Md. 528; *Maryland, D. & V. Rwy. Co.* v. *Hammond*, 110 Md. 124; *Horseman* v. *Furbush*, 124 Md. 581; *Warburton* v. *Robinson*, 113 Md. 24.

In the last cited case it was said that the rule "imposes upon the appellant the burden of showing that the failure to forward the record within three months after the entry of the appeal was not the result of his own neglect, but was due to the default of the clerk or appellee. In the absence of proof that the clerk or appellee was delinquent, the presumption is that the appellant was responsible for the delay, and he must satisfy the Court that by proper diligence the record could not have been prepared and transmitted in time."

The question here presented in the case is whether the appellants have furnished the necessary proof required by the rule. An affidavit of the clerk of the court below has been presented, but it simply certifies that he is unable to say when the bills of exceptions were delivered in his office to be filed in the case, or how the same were received in his office.

Guy Weagley, a deputy in the office of the clerk of the circuit court, deposed that he was unable to say how the record in the above entitled case came into his possession. "I do recall, however, that I gave it to the clerk of the court on April 5th, 1923, but I am not able to say where I got it. I do not know whether it was delivered to me or whether I found it in the clerk's office and filed it on the 5th day of April, 1923."

Mary F. Shaneberger, the court stenographer, deposed that she was the court stenographer for the Circuit Court for Washington County; that she wrote in shorthand the testimony in the above entitled case, and as soon as possible, after being requested to do so, transcribed the same and finished the typewritten transcript of the testimony about February 7th, 1923, "which was the earliest time in which it was possible for me to finish this testimony, from the date I was requested to transcribe, which consisted of approximately three hundred and seventy-four typewritten pages."

It is apparent, we think, from the evidence, that the delay in the transmission of the record in this case was not due to the neglect, omission or inability of the clerk; nor can any fault or neglect be imputed to the appellee.

Mr. Wolfinger, the State's Attorney for Washington County, deposed in part: "thereupon another conference was held by counsel for the defense, the State's Attorney and the Court on the 31st day of March. At that time the exceptions were in their completed form, and in the presence of counsel for both parties, the Court signed said exceptions. I am positive that they were not handed to me, and that they were never thereafter in my possession."

JUDGE FRANK G. WAGAMAN, one of the associate judges for the Fourth Judicial Circuit of Maryland, deposed: "That the above entitled case was No. 37 Criminal Trials, November Term, 1922, in the Circuit Court for Washington County, Maryland; that the verdict of the jury was rendered December 13th, 1922; that a motion for a new trial was filed December 15th, 1922; that later said motion was heard and an order for appeal filed January 4th, 1923; that an order of court was passed on January 11th, 1923, extending the time for presenting bills of exceptions to the court in said case to February 12th, 1923; that on February 12th, 1923, an order was passed extending the time for presenting bills of exceptions to the court in this case to February 22nd, 1923; that the original transcript of the testimony included, approximately, three hundred and seventy-four typewritten pages; that the February term of Court convened on February 12th, 1923; that on February 22nd, 1923, another order was passed by the court in this case further extending the time for presenting to the court the bills of exceptions in this case to March 15th, 1923; that on March 7th, 1923, bills of exceptions were presented to the court in this case, but the court refused to sign the same because of the lengthy manner in which they were prepared and the questions that arose relative to a number of the exceptions; that the same were returned to counsel a short time thereafter to be re-drafted; that the bills of exceptions were again by counsel presented to the court in the form signed on or before the 15th day of March, 1923; that the same said bills of exceptions were then referred by the court to the State's Attorney of Washington County and a conference relative to the same was held with the court by the State's Attorney and counsel for the defendants about March 30th, 1923; that on March 31st, 1923, the court signed the exceptions, as they appear in the record in the Court of Appeals in this case; as well as the statement of the court appearing on pages 111 and 112 of the record in this case relative to remarks made by the court

to jury in this case and referred to as the twenty-ninth exception; which was also signed by the court on March 31st, 1923; that the court has no definite recollection as to what happened to the bills of exceptions after he signed them on March 31st, 1923, and cannot recall as to how they got out of his office; they may have been taken by counsel for the defendants or by the State's Attorney, or given to the clerk of the court's office."

There being an absence of proof that the delay in the transmission of the record was due to the neglect or omission of the clerk or appellee, the presumption is that the appellants were responsible for the delay. *Willis* v. *Jones,* 57 Md. 362; *Ewell* v. *Taylor,* 45 Md. 573; *Horsey* v. *Woodward,* 124 Md. 361.

The appellants, in an endeavor to meet the burden placed upon them, filed an affidavit by Mr. J. Cleveland Grice, their counsel in the case, to the effect that he did not recall having the bills of exceptions, which were signed by the court in this case, in his possession at any time after they were signed by the court; that they were not taken to his office; that they were not taken by him nor by any one else to his knowledge given to the office of the clerk of the court on April 5th, 1923, the date they were marked filed. That he believes the bills of exceptions were left in the office of the clerk of the court prior to date filed and in time to have record in possession of this court in time, if they were by him taken from judges' chambers when signed, because they were then by him immediately left in clerk's office, as he never saw them afterwards. The exceptions were signed by the court on March 31, 1923.

We think, under the facts of this case, the appellants have not discharged the burden imposed upon them of showing that the delay in transmitting the record was occasioned by the neglect or omission or inability of the clerk or appellee. *Miller* v. *Mencken,* 124 Md. 673; *Horsey* v. *Woodward,* 124 Md. 361; *Horseman* v. *Furbush,* 124 Md. 581.

In *Steiner* v. *Harding,* 88 Md. 346, it is said: The duty

of an attorney with respect to the transmission of a record is not ended when he gives directions to enter an appeal and to transmit the record. He is, or ought to be, aware that the clerk is under no obligation to forward the transcript unless he is paid for it; and it is incumbent upon him to give no instructions that may delay the filing of the record here unless he sees to it that the record *does* get to the Court in proper time.

It may be observed in this case, as was said in *Horseman* v. *Furbush,* 124 Md. 585, that, upon a complete examination of the record, we feel less hesitation in sustaining the appellee's right to a dismissal as we find no error in any of the rulings below, and are satisfied that, if the appeal could be entertained, the judgments would be affirmed.

There are twenty-nine bills of exceptions set out in the record. Twenty-eight of these relate to the rulings of the court on the admissibility of evidence. We have examined each one of them with care and find no reversible error in any of them.

There was no exception taken to the remarks of the trial judge sought to be presented by the twenty-ninth bill of exceptions, and it cannot be considered by us on this appeal.

It is set out in the record, and it seems to be free from objection and without reversible error. Code, art. 5, sec. 9.

No question appears to have been made as to the form of the verdict by a motion in arrest of judgment or by some other method in the court below.

The verdict, however, will be found to be a valid one, under the ruling of this Court in *Hechter* v. *State,* 94 Md. 429; where the verdict of the jury found the traverser guilty on the first and second counts and was silent as to the third and fourth, and it was held that the verdict was valid and was equivalent to a verdict of not guilty upon the third and fourth count. *Novak* v. *State,* 139 Md. 538.

For the reasons stated, the appeal must be dismissed.

*Appeal dismissed, with costs.*